# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTHONY LEVINE LONON, JR., )
)
    Plaintiff, )
)
v. ) Case No. CV412-216
)
UNITED STATES DEPARTMENT )
OF HEALTH AND HUMAN )
SERVICES, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

The United States has moved to dismiss or, in the alternative, for summary judgment as to plaintiff's Freedom of Information Act ("FOIA") claim, which was originally brought against government officials who work for the Centers for Disease Control and Prevention ("CDC").[1] (Doc. 22.)

---

[1] Lonon named Katherin Norris and Beverly Walker as defendants. (Doc. 1.) They are CDC officials tasked with responding to FOIA requests. Only federal agencies qualify as proper defendants in FOIA claims, not individual employees or officers of agencies. 5 U.S.C. § 552(f)(1); see Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987) (applying § 552(f)); Stewart v. Doe, No. CV110-076, 2010 WL 4256186 at *2 (S.D. Ga. Sept. 29, 2010) (same). Accordingly, the government seeks to have the United States Department of Health and Human Services substituted in place of Norris and Walker. (Doc. 22 at 8.) That request is **GRANTED**, and the style of the case now reflects the proper defendant.

In March 2012, Lonon submitted FOIA requests to the CDC seeking records for "Mr. Tim Nunally." (*Id.* at 2.) The following month he submitted a request for his own medical records. (*Id.*) Upon receipt of his first request, CDC personnel advised Lonon by letter that both the FOIA and the Privacy Act prohibited the CDC from disclosing information pertaining to Nunally without his written authorization. (Doc. 22-1 at 11.) The CDC furnished Lonon with an authorization form and instructed him that if he did not respond within 15 days, "we will consider this request withdrawn." (*Id.* at 12.) Lonon does not dispute the government's assertion that he never responded to the CDC's letter. (Doc. 22 at 2.) Although the CDC informed Lonon in 2012 that it could not locate any information responsive to his request for his own records, a further search conducted after this case was filed turned up some responsive records, which were then provided to Lonon by agency counsel. (*Id.* at 4.) Lonon does not contest this assertion.

Because it is undisputed that the CDC ultimately released all medical records directly pertaining to Mr. Lonon himself, his FOIA claim for his own records is moot. *See Von Grabe v. U.S. Dept. of Homeland Sec.*, 440 F. App'x 687, 688 (11th Cir. 2011) ("If a person receives all the

information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought."); *Chillivis v. SEC*, 673 F.2d 1205, 1210 (11th Cir. 1982) (same); *Lawrence v. United States*, 2002 WL 32107636 at *1 (M.D. Fla. Nov. 12, 2002) (dismissing case upon agency's production of requested documents). Since Lonon's FOIA claim is resolved, defendant's motion for summary judgment as to that claim (doc. 22) should be **GRANTED**.

Lonon's remaining claim for the records of Tim Nunally is unexhausted. "The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Although not a jurisdictional requirement, exhaustion of administrative remedies is a condition precedent to filing a suit in federal court. *Id.* at 1367–68; *Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir.1979). Lonon does not deny that he failed to comply with the Department of Health and Human Services' administrative procedures. (Doc. 24); 45 C.F.R. § 5.67(a) (limiting production of medical records if disclosure would constitute an invasion of personal privacy); 45 C.F.R. § 5.4 (c)

(explaining that the Privacy Act may override an FOIA request when the request is for another individual's records). Since his request for Nunally's records is unexhausted, defendant's motion to dismiss the claim (doc. 22) should be **GRANTED**. *See Ivers v. Fed. Bureau of Alcohol, Tobacco and Firearms*, 2008 WL 2678287 84 (W.D. Wash June 30, 2008) (failure to exhaust administrative remedies in FOIA case requires dismissal as a Fed. R. Civ. P. 12(b) "matter in abatement"; citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)); *Trenerry v. IRS*, 1994 WL 714063 at *2 (N.D. Okl. Sept. 13, 1994) ("failure to exhaust nonjudicial remedies is a matter in abatement, not going to the merits of the claim").

For all of the reasons explained above, summary judgment is appropriate as to Lonon's claim for his own records. Defendant's motion to dismiss should be granted on Lonon's claim for Nunally's records, for Lonon has failed to exhaust his administrative remedies as to that claim. Accordingly, this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 12th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA